IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEBAH AL NASER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) 12 C 1997 |
| | ) |
| | ) Judge Virginia M. Kendall |
| CREATIVE DESIGNS MANAGEMENT | ) |
| COMPANY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Hebah Al Naser ("Plaintiff" or "Al Naser") brings this suit against her former employer, Creative Designs Management Company. Al Naser also names as Defendants Creative Design Builders Company; CD Euro Imports, LTD; Washington Franklin, LLC; and Ibrabhim Shehada individually and doing business as the various entities of Marshal Partners, Beacon Leland, and Racine Waveland, and unknown related entities from A to Z (collectively with Creative Designs Management Company "Defendants"). Al Naser alleges that the Defendants discriminated against her on the basis of sex, national origin, and her religious beliefs in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, (Count I); discriminated against her upon discharge on the basis of sex, national origin, and her religious beliefs in violation of Title VII (Count II);

1

created a hostile work environment on the basis of her religious beliefs in violation of Title VII (Count III); and operated as alter egos of one another and should therefore all be treated as her actual employer pursuant to Title VII (Count IV). Al Naser seeks to pierce the Defendants' corporate veils and to recover both compensatory and punitive damages for her alleged wrongs. The Defendants move to dismiss Al Naser's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted as against all Defendants other than Creative Designs Management Company, and request that Plaintiff amend her complaint as to Creative Designs Management Company only. For the reasons stated herein, the Defendants' Motion to Dismiss is granted. The Court directs the Plaintiff to amend her Complaint against Creative Designs Management Company in an accordance with the direction provided by this Opinion.

**I. Background**

In considering this Motion to Dismiss, the well-pleaded allegations in the Complaint are accepted as true and all reasonable inferences are construed in favor of Al Naser, the nonmoving party. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)).

In January 2010, Hebah Al Naser was hired by Defendant Ibrabhim Shehada to work at Creative Designs Management Company as a property manager. Creative Designs Management Company is an Illinois Corporation and, according to Al Naser, shares office space at 4355 N. Ravenswood, Chicago, Illinois with Defendants Creative Design Builders Company; CD Euro Imports, LTD; Washington Franklin, LLC; Marshal Partners, LLC; Beacon Leland, LLC; and Racine Waveland. Each Defendant employs at least 15 people.

Furthermore, Al Naser claims that the Defendants have such a unity of interests and ownership that the separate personalities of the corporations no longer exist. Al Naser claims that Defendant Shehada holds or has held an ownership interest in all of the named Defendant corporations, as well as related unknown entities A through Z. Al Naser maintains that at the 4355 N. Ravenswood office the employees for all of the Defendant companies are intermingled and not separated or deciphered from one another and that the employees of one Defendant corporation complete work for other Defendant corporations. Al Naser was paid by Creative Designs Management Company, but was also paid on occasion by Defendant Racine Waveland, which is not a corporation registered in Illinois.

Al Naser is a Christian female of Jordanian ancestry and Jordanian national origin. Al Naser alleges that during her employment, and up until the time she was terminated on August 22, 2011, the Defendants treated her less favorably than similarly situated Middle Eastern men and non-Middle Eastern men and women. Specifically, Al Naser alleges that she was subjected to different terms of employment than her male co-workers in being denied extra time for breaks. Additionally, Al Naser claims that Defendant Shehada made derogatory comments towards her because she is a Christian Jordanian woman.

On September 21, 2011, Al Naser filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereafter "EEOC") alleging that Creative Designs Management Company, and only Creative Designs Management Company, discriminated against her on the basis of sex, national origin, and religion. On December 19, 2011, Al Naser received a Right-to-Sue Letter from the EEOC. Al Naser timely filed her Complaint in this Court on March 19, 2012. *See* 42 U.S.C. § 2000e-5(f)(1) (an aggrieved plaintiff may bring a Title VII action in federal court within ninety days of receiving a right-to-sue letter from the EEOC); *see also Reschny v. Elk Grove Planting Co.*, 414 F.3d 821, 823 (7th Cir. 2005) ("Title VII provides that the EEOC shall notify the person

aggrieved of her right to sue, 'and [that] within ninety days after the giving of such notice, a civil action may be brought.') (quoting 42 U.S.C. § 2000e-5(f)(1)).

## II. The Legal Standard of Review

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all the well-plead facts alleged in the complaint and construes all reasonable inferences in favor of the nonmoving party. *See Killingsworth*, 507 F.3d at 618 (citing *Savory*, 469 F.3d at 670); *accord Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true. . .state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotations omitted). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. If the factual allegations are well-plead, the Court assumes their veracity and then proceeds to determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A claim has facial plausibility when its factual content allows

5

the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Id*. at 678.

## III. Discussion

The Defendants move to dismiss Al Naser's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on three grounds. First, the Defendants contend that all of the named Defendants except for Creative Designs Management Company should be dismissed because they were not named in Al Naser's Charge of Discrimination filed with the EEOC. Second, the Defendants further argue that Defendant Shehada should also be dismissed because an individual cannot be held personally liable under Title VII. Finally, the Defendants maintain that Al Naser's Complaint does not plausibly establish alter ego liability on the part of the Defendants such that their individual corporate forms should be disregarded and should all be held to constitute Al Naser's employer for the purposes of imposing liability pursuant to Title VII.

### A. EEOC Charge

Defendants first argue that, except for Creative Designs Management Company, all of the named Defendants should be dismissed from this suit because they were not named as parties in Al Naser's EEOC Charge of Discrimination. Consequentially, the Defendants maintain that they did not

have notice that Al Naser intended to file a claim against them as required by Title VII, and thus were not afforded notice of their alleged misconduct and therefore did not have the opportunity to participate in conciliation with Al Naser and the EEOC.

Generally, a party not named in an EEOC charge may not be sued under Title VII. *See Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989); *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001) ("Under the law of this circuit, a parent organization not named in the plaintiff's EEOC charge must be dismissed from the suit unless the plaintiff can show that the parent had notice of the claim against it, as opposed to its subsidiary, and had an opportunity to conciliate on its own behalf."); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008) ("a party not named as the respondent in an EEOC charge may not be sued under Title VII"). Although this requirement is not jurisdictional, and it is subject to defenses such as waiver, estoppel, and equitable tolling, none of these considerations apply here. *See Tamayo*, 526 F.3d at 1089 (citing *Olsen*, 267 F.3d at 604; *Schnellbaecher*, 887 F.2d at 126). The purpose of the requirement that the EEOC charge match the subsequent complaint is two-fold: it serves to notify the party of the misconduct alleged against it, and it affords the party an opportunity to resolve the claim with the EEOC by conciliation thereby

effectuating Title VII's primary goal of securing voluntary compliance with its mandates without resort to the courts. *See Tamayo*, 526 F.3d at 1089 (quoting *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005)). Therefore, the Seventh Circuit has recognized a limited exception to this requirement "where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981); *see also Schnellbaecher*, 887 F.2d at 127 (the unnamed party must not only have notice of a charge against the named party, but also notice of any charges against itself).

Al Naser's EEOC Charge is not sufficient to give notice to the unnamed Defendants and therefore does not warrant an exception under *Eggleston* to the requirement that each individual party be named in an EEOC charge in order for a Title VII suit to proceed against it. *See Schnellbaecher*, 887 F.2d at 127 (dismissing unnamed parent corporation despite its having had notice of the charge generally, because "it did not thereby have any notice of any charges against *it*, nor did it have any opportunity to conciliate on its own behalf") (emphasis in original); *accord Tamayo*, 526 F.3d at 1089 (dismissing Illinois

Gaming Board for lack of proper notice because the EEOC charge only named the Illinois Department of Revenue).

Both cases relied upon by Al Naser in support of extending the complaint to all Defendants can be distinguished from the present action. In *Eggleston*, 657 F.2d at 906, the plaintiff specifically complained of discriminatory exclusion from an apprenticeship program in his EEOC charge. Because the unnamed defendant administered the only apprenticeship program for the plumbers' union, the court held that the EEOC charge was sufficient to notify the unnamed defendant of the alleged discrimination. *See Id*. Similarly, in *Davis*, 596 F.2d at 729, the plaintiff named only the University of Wisconsin as her employer in her EEOC charge. Since Wisconsin law designates the Board of Regents as the corporate entity of the University for purposes of suits brought under Title VII, dismissal of the unnamed Board of Regents was improper as the Board had adequate notice and the opportunity to participate in the administrative proceedings. *See Id*. Thus, in both cases, although not named in the charge, each unnamed party was clearly implicated in the plaintiff's EEOC charge and received sufficient notice that the allegations in the plaintiff's EEOC charge were brought against it and had the opportunity to participate in conciliation over the aggrieved plaintiff's Title VII claims.

Here, by contrast, Al Naser only named Creative Designs Management Company in the Charge of Discrimination that she filed with the EEOC. In order to maintain a cause of action under Title VII the other unnamed Defendants must have had notice that Al Naser intended to file suit against them as well; yet in her EEOC charge she did not allude to them or their allegedly unlawful conduct. The mere fact that Defendant Shehada holds an ownership interest in the Defendant corporations does not indicate that all of the unnamed Defendant corporations received proper notice. *See, e.g., Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983, 986 (N.D. Ill. 2010) (dismissing unnamed corporate affiliates even though five had the same president as the properly named defendant). Additionally, the fact that Al Naser allegedly completed work for the other Defendant corporations does not indicate that the other Defendants received notice of her intention to hold them liable under Title VII. *See, e.g., Id.* at 989 (plaintiffs worked with employees and managers at many of the defendant's affiliates, yet the unnamed defendants were dismissed from the suit for lack of notice).

As a result of not being named in Al Naser's EEOC Charge the unnamed Defendants did not have any notice that Al Naser intended to allege that they violated Title VII and were deprived of the opportunity to participate in

conciliation with Al Naser and the EEOC in order to voluntarily comply with Title VII and redress Al Naser's grievances. For this reason alone, all of the Defendants except for Creative Designs Management Company are dismissed from Al Naser's Complaint.

### B. *Individual Liability Under Title VII*

In addition to not being named in Al Nasar's EEOC Charge, Defendant Shehada must be dismissed from this suit because he cannot be held individually liable under Title VII. Title VII cases are brought against employers, not individuals. *See Salas v. Wisconsin Dept. of Corrections*, 493 F.3d 913, 926 (7th Cir. 2007) (a Title VII claim is against an employer, not an individual); *Humphrey v. Elgin Mental Health*, No. 10 C 3163, 2011 WL 1768805, *2 (N.D. Ill. May 9, 2011) ("Title VII claims are generally maintained against employers"). Individuals who do not independently meet the definition of an employer cannot be held liable under Title VII. *See Williams v. Banning*, 72 F.3d 552, 553-554 (7th Cir. 1995) (citing *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995)); *see also Triplett v. Midwest Wrecking Co.*, 155 F. Supp. 2d 932, 938 (N.D. Ill. 2001) (defendants could not be held individually liable because neither employed plaintiff in his personal capacity). Iindividuals who do not meet the definition of "employer" cannot be held liable under Title VII. *See AIC*, 55 F.3d at 1279 (the

definition of "employer" is the same for suits brought under the ADA and Title VII, does not extend to the owner and sole shareholder of the employer in an individual capacity); *accord Williams*, 72 F.3d at 555 (supervisor in his individual capacity does not fall within Title VII's definition of "employer"). The limitation on individual liability as supported by Title VII itself, which defines the term "employer" consistent with the traditional principles of *respondeat superior* liability and limits the amount of damages a plaintiff may receive according to the size of the employing entity. *See Williams*, 72 F.3d at 555.

Likewise, the fact that Defendant Shehada is an alleged owner of the Defendant corporations does not make him liable as an employer under Title VII. *See Worth v. Tyer*, 276 F.3d 249, 262 (7th Cir. 2001) (rejecting argument that owner should be liable for the acts of the corporation under an alter ego theory); *AIC*, 55 F.3d at 1282 (rejecting individual liability of owner and sole shareholder of defendant company even if she was its alter ego); *see, e.g., Bell v. Koerten*, No. 99 C 1040, 1999 WL 971282, *2 (N.D. Ill. Oct. 21, 1999) ("if confronted with whether an individual owner could be liable under Title VII or the ADEA, the Seventh Circuit would most likely find that an owner could not be so liable"); *Freeman-Miller v. Morningside Learning Systems*, No. 97 C 7400, 1997 WL 802144, *2 (N.D. Ill. Dec. 30, 1997) (fact that defendants are owners of defendant corporation does

not make them liable as employers under Title VII); *Sullivan v. Presstronics Inc.*, No. 96 C 7436, 1997 WL 327126, *1 (N.D. Ill. June 11, 1997) (rejecting argument that there should be an exception to the bar against individual liability under Title VII for officers and owners of small closely held corporations).

Relying on *AIC*, courts in this district routines reject the alter ego theory of liability proposed by Al Naser to justify suit against Defendant Shehada. *See AIC*, 55 F.3d at 1282, n.11, (as to "individual capacity liability it does not matter even if [he] was [the defendant corporation's] alter ego."); *see also, Mindell v. Kronfeld*, No. 03 C 4063, 2004 WL 1595334, *1 (N.D. Ill. July 15, 2004); *Jackson v. International Broth. of Teamsters, Local Union No. 705*, No. 02 C 2745, 2002 WL 31572544, *7 (N.D. Ill. Nov. 18, 2002); *Kacprowski v. Advanced Reproductive Health Center, Inc.*, No. 00 C 7884, 2001 WL 717483, *2 (N.D. Ill. June 22, 2001); *Solon v. Kaplan*, No. 00 C 2888, 2001 WL 123769, *3 (N.D. Ill. Feb. 13, 2001); *Bell*, 1999 WL 971282, *2; *Coulter v. IRMCO Properties and Management Corp.*, No. 94 C 7480, 1996 WL 111897, *3 (N.D. Ill. Mar. 12, 1996); *Hirsch v. Schmitt*, No. 95 C 1700, 1996 WL 99956, *1 (N.D. Ill. Mar. 1, 1996).

Absent a showing of fraud or misjustice, a supervisor of an employee was not liable in his individual capacity even if he were the alter ego of the defendant corporation. *Worth*, 276 F.3d at 261-262. As discussed in Part C below, Al Naser

has not pleaded that Shehada or the other Defendants perpetrated such a fraud or injustice, nor has she pleaded that the unnamed Defendant corporations were set up for the purpose of avoiding liability under Title VII or that any of the entities directed any of the discriminatory acts that Al Naser complains of. *See Papa v. Katy Ind., Inc.*, 166 F.3d 937, 941 (7th Cir. 1999). Accordingly, for this additional reason Defendant Shehada must be dismissed from this action, and the proper Defendant is Creative Designs Management Company.

### C. *Alter Ego Liability*

Finally, Defendants maintain that the Plaintiff's Complaint does not plausibly establish the Defendants' alter ego liability, and therefore Plaintiff cannot pierce the corporate veils of the Defendants.

A corporation exists separately from its shareholders and related corporations. *See Laborers' Pension Fund v. Lay-Com, Inc.*, 580 F.3d 602, 610 (7th Cir. 2009) (citing *Fontana v. TLD Builders, Inc.*, 840 N.E.2d 767, 775 (Ill. 2005)). Illinois applies the law of the state of incorporation for veil piercing claims. *See Wachovia Securities, LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 751 (7th Cir. 2012). Illinois permits veil piercing on an alter ego theory when two conditions are met: (1) "there must be such unity of interest and ownership that the separate personalities of the corporation and the individual" no longer exist; and

(2) "circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Id*. at 751-752 (quoting *Hystro Prods., Inc. v. MNP Corp.*, 18 F.3d 1384, 1388-89 (7th Cir. 1994)).

Plaintiff alleges that if the Defendants' separate corporate forms were recognized it would promote injustice or sanction a fraud. Plaintiff's conclusory allegations fail to plausibly suggest that "adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Id*. at 752. This prong requires "something less than an affirmative showing of fraud, but something more than the mere prospect of an unsatisfied judgment." *Id*. at 756 (quoting *Hystro. Prods.*, 18 F.3d at 565). Nothing in the complaint suggests that Plaintiff has been harmed or disadvantaged by the Defendants' alleged misuse of the corporate form. *See Gross v. Security Associates Intern., Inc.*, No. 09 C 3095, 2009 WL 3837435, *10 (N.D. Ill. Nov. 17, 2009) ("Plaintiffs must allege an injustice perpetrated through use of the corporate form."). Al Naser's allegations that respecting the Defendants' corporate forms would promote injustice or sanction a fraud are conclusory and "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). After *Twombly* and *Iqbal* more is required of a plaintiff to satisfy federal pleading requirements. Additionally,

nothing in the record suggests that Defendant Creative Design Management Company would be unable to make Plaintiff whole should the court rule in her favor. *Nathan v. Morgan Stanley Renewable Development Fund, LLC*, No. 11 C 2231, 2012 WL 1886440, *8 (N.D. Ill. May 22, 2012). Furthermore, should Plaintiff Al Naser be unable to recover a judgment from Defendant, "Illinois law is clear that a judgment creditor can bring a claim to pierce the corporate veil of the debtor corporation in a new cause of action." *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 548 (7th Cir. 2008) (citing *Peetoom v. Swanson*, 778 N.E.2d 291, 296-297 (Ill. 2002)). Accordingly, Plaintiff's Complaint fails to state a plausible claim under an alter ego liability theory, and the Defendants' corporate forms must be respected.

## IV. Conclusion

For the reasons stated above, the Defendants' Motion to Dismiss is granted, and the Plaintiff is directed to amend her Complaint against Creative Designs Management Company in accordance with the direction provided herein.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: August 30, 2012